```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**ALAN J. HOLMAN, JR., #10227-062**

        **Petitioner,**

**v.**                                                    **2:08CV205**

**PATRICIA R. STANSBERRY, WARDEN,**

        **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On December 17, 2007, in the United States District Court for the Northern District of Oklahoma petitioner was convicted of possession of a firearm and ammunition as a felon. As a result of the conviction, petitioner was sentenced to serve thirty-three months in the federal prison system. Petitioner is not, in this proceeding, attacking the underlying conviction. Petitioner is currently incarcerated in the Federal Correctional Center in Petersburg, Virginia.

On April 28, 2008, petitioner filed a petition for writ of habeas corpus in this Court. For the reasons set out below, respondent has not been required to answer the petition.

#### B.   Grounds Alleged

Petitioner alleges the following grounds:

      1.     The Bureau of Prisons (BOP) violated petitioner's due process rights by denying him a one-year early release for completing a "500 Hour R-DAP Program";

      2.     The BOP refuses to acknowledge that Congress has not given them the right to "exclude felon[s] in possession of a firearm, as a crime of violence, or to exclude a[n] inmate that has [been convicted of] that offense from getting" the one-year early release; and

      3.     The BOP advises inmates to exhaust their administrative remedies, "when in fact, it would be futile to take that action, when exhaustion [sic] the remedies is way beyond the office of General Counsel."

(Pet. at 3-4.)

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Petitioner Has Failed to Pay the Filing Fee or Request to Proceed In Forma Pauperis, as Directed.

Petitioner did not submit with his petition the required $5.00 filing fee, nor did he request to proceed <u>in forma pauperis</u>. By Order of May 6, 2008, petitioner was directed to either submit the filing fee or complete and submit an "Affidavit in Support of Request to Proceed in Forma Pauperis." To date, petitioner has failed to submit the filing fee or the request to proceed <u>in forma pauperis</u>, and the time for him to accomplish such actions has expired. Since petitioner has not complied with the Court's order, the petition should be DISMISSED without prejudice to petitioner's right to raise the claims at a later date.

### B. Petitioner has Failed to Exhaust Administrative Remedies.

Petitioner admits that he has not exhausted his available administrative remedies because it would be "futile" to go through the administrative exhaustion process. (Pet. at 4.) The BOP has established an administrative procedure by which an inmate is required to seek formal review of a complaint within the BOP, prior to filing a petition within a district court. <u>See</u> 28 C.F.R. §§ 542.10-542.16. This procedure offers three levels of review. The first level allows for the inmate to address

his complaint with the warden of the local institution through BP-DIR-9, "Request for Administrative Remedy." If dissatisfied with the warden's response, an inmate may appeal to the Regional Director via BP-DIR-10. If dissatisfied with the result of the regional appeal, an inmate may file a BP-DIR-11, with the Office of General Counsel in the Central Office.

Once administrative remedies have been exhausted, judicial review may be obtained by filing a habeas petition under 28 U.S.C. § 2241, challenging the execution of the sentence by the BOP. This authority of administrative review stems from a long history of cases and is recognized in United States v. Wilson, 503 U.S. 329, 333 (1992). Once the administrative remedies are exhausted, district courts have authority to entertain such petitions and to grant relief if appropriate.

In the Order of May 6, 2008, petitioner was also directed to show cause why his petition should not be dismissed for failure to exhaust his available administrative remedies. To date, petitioner has failed to respond to the show cause order, and the time for his response has expired. Therefore, the petition should be DISMISSED without prejudice to petitioner's right to raise the claims at a later date.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED without prejudice. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                  /s/
                              **James E. Bradberry**
                              **United States Magistrate Judge**

**Norfolk, Virginia**
**June 16, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

        Alan J. Holman, Jr., #10227-062 <u>pro se</u>
        FCC Petersburg - Medium
        P.O. Box 90043
        Petersburg, VA 23804

        Fernando Galindo, Clerk

By _____
        Deputy Clerk

_____, 2008